# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**SIDNEY LADELL BROWN**  PLAINTIFF
**ADC #111805**

V.                                    CASE NO. 3:19-cv-00054 JM

**OLLIE COLLINS,** *et al.*           DEFENDANTS

## ORDER

Plaintiff Sidney Ladell Brown in custody at the Mississippi County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. No. 2). He also filed a motion to proceed *in forma pauperis*, which was granted (Doc. Nos. 1, 3).

### I.   Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II. Background

Brown sued numerous Osceola Police Department employees, as well as a Mississippi County Parole Officer and a Mississippi County Prosecuting Attorney; he sued all Defendants in their personal and official capacities (Doc. No. 2). He alleges that he was unlawfully arrested and charged, and that his parole was wrongfully revoked (*Id*. at 4). Brown seeks damages and asks that the charges against him be dropped (*Id*. at 14).

## III. Discussion

To the extent Brown challenges his parole revocation, the Supreme Court has held that if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87

(1994). The holding of *Heck* has been applied to claims that would imply the invalidity of a parole revocation. *See Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014). Brown's claim that his rights were violated, if established, would imply the invalidity of his parole revocation, and there is no allegation that Brown's revocation has been called into question by issuance of a federal writ of *habeas corpus*. Therefore, Brown's challenge to his revocation is barred by *Heck v. Humphrey* and must be dismissed.

Brown also claims he was unlawfully arrested and wrongfully charged. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make

abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Brown is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. As such, the Court should abstain from entertaining Brown's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Brown's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Brown, however, seeks damages, among other relief. Accordingly, Brown's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04.

### IV. Conclusion

1. Brown's claims challenging his parole revocation are dismissed without prejudice.

2. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Brown's state criminal charges.

3. Brown may file a motion to reopen this case after such final disposition.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 25th day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE