# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**SIDNEY LADELL BROWN**                                                              **PLAINTIFF**
**ADC #111805**

**V.**                          **CASE NO. 3:19-cv-00054 JM**

**OLLIE COLLINS,** *et al*.                                                          **DEFENDANTS**

## ORDER

Pending is Plaintiff Sidney Ladell Brown's Motion for Default Judgment. (Doc. No. 27). For the reasons set out below, the Motion is DENIED.

Summons for Defendants Ronnie Williams and Standefer Tyler were served on February 18, 2020, via certified mail delivered to the Osceola Police Department, 401 West Keiser Avenue, Osceola, Arkansas 72370. Each envelope was signed for by a Jessica Hill. (Doc. No. 15 at 2; Doc. No. 16 at 2).

By July 14, 2020, neither Williams nor Tyler had filed any pleading responding to Plaintiff's Complaint. That same day, the Court issued an order directing Williams and Tyler to explain why default judgment should not be entered against each of them. (Doc. No. 21).

Williams and Tyler responded to the Court's Order on July 24, 2020, explaining that they never received service of the Complaint. (Doc. No. 25). They further explained that the dispatcher was not authorized to accept service or sign for certified mail on behalf of either Williams or Tyler, personally. (*Id*.) Williams and Tyler now have authorized Catherine P. Dean, City Attorney, to accept service on their behalves both in their official

and personal capacities. (*Id*.) Defendants filed their Answer on July 24, 2020. (Doc. No. 26).

Brown filed his Motion for Default Judgement on August 3, 2020. (Doc. No. 27). While Brown seeks entry of default judgment, the Court will treat his motion as an application for entry of default. *Johnson v. Dayton Elec. Mfg. Co*., 140 F.3d 781, 783 (8th Cir. 1998) (entry of default under Rule 55(a) must precede entry of default judgment under Rule 55(b)).

It is a *pro se* plaintiff's responsibility to provide a proper address for service on a defendant. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). Entry of default is not warranted if a plaintiff fails to properly serve a defendant. *See Printed Media Servs., Inc. v. Solna Web, Inc*., 11 F.3d 838, 843 (8th Cir. 1933).

Here, neither Williams nor Tyler received summons or the Complaint when signed for by a dispatcher at the Osceola Police Department. Each Defendant answered Brown's Complaint well within 21 days after receiving it on July 22, 2020. (Doc. Nos. 25-1, 25-2). Under these circumstances, default should not be entered against them.

Further, nothing in the record indicates that the addresses Plaintiff provided for Williams and Tyler were correct, or that either Defendant was properly served. *See* Fed. R. Civ. P. 4 (describing methods of service for individuals); Ark. R. Civ. P. 4 (describing methods of service for individuals). *See also* 42 U.S.C. § 1997e(g) (waiver of reply does not constitute admission of allegations in the complaint).

Accordingly, Brown's Motion for Default (Doc. No. 27) is DENIED.

IT IS SO ORDERED this 10th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE